IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MURILLO, | 1:15-cv-00266-LJO-BMK |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION TO DISMISS (Doc. 27) |
| K. HOLLAND, ET AL., | |
| Respondents. | |

FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION TO DISMISS (Doc. 27)

Before the Court is Defendants' Motion to Dismiss (Doc. 27) Plaintiff Joaquin D. Murillo's Complaint, which asserts state and federal claims against the warden, deputy warden, and correctional sergeant at California Correctional Institution. After careful consideration of the Motion and the supporting and opposing memoranda, the Court finds and recommends that the Motion be GRANTED IN PART and DENIED IN PART. The Court recommends that all of Plaintiff's claims be dismissed except for Plaintiff's claim for monetary damages against Defendants in their individual capacities, for violation of his Eighth Amendment rights. The Court recommends dismissal of the state law claims, the federal claims against Defendants in their official capacities, and Plaintiff's request

for injunctive relief.

## BACKGROUND

In July 2014, while imprisoned at the California Correctional Institution in Tehachapi, California, Defendant K. Holland (warden), Defendant J. Gutierrez (deputy warden), and Defendant G. Ybarra (correctional sergeant) implemented, enforced, and upheld a procedure to conduct safety and welfare checks on inmates housed in segregation.  (Complaint at 3.)   This procedure, called Guard One, involves the use of a metal wand, which made a loud noise in each prison cell and was conducted every thirty minutes.  (Id.)   Plaintiff alleges that the constant loud noise was "torture" that caused sleep deprivation, fatigue, stress, anxiety, and depression.  (Id.)

On February 20, 2015, Plaintiff filed this action, asserting state and federal claims against Defendants.  (Id. at 4-5.)   With respect to the state law claims, Plaintiff asserts that Defendants were negligent because they (1) applied the Guard One procedure to all inmates instead of applying it only to mental-health inmates, (2) did not step into the prison cells to determine how loud the noise is for the inmates, (3) failed to supervise officers who conducted the Guard One security checks, and (4) failed to investigate or interview anyone regarding his 602 appeal.  (Id.)   Plaintiff also asserts a claim for fraud against Defendant Ybarra, claiming he

lied "when he stated in his report that he interviewed the plaintiff in regards to the appeal claims."  (Id. at 5.)   Nowhere in the Complaint does Plaintiff state that he complied with the procedures required by the California Government Claims Act for these state law claims.

Plaintiff also brings federal claims, asserting that Defendants violated his rights against cruel and unusual punishment under the Eighth Amendment when they were "deliberately indifferent to the ongoing torture" caused by the Guard One security checks.  (Id. at 4-5.)   Plaintiff alleges that Defendants continued to enforce and uphold the security checks, even after inmates had complained about its adverse effects.  (Id.)

Plaintiff prays for monetary damages and injunctive relief.  (Id. at 3.)   He seeks "$100,000.00 or no less than $100.00 for each day of the implementation of the Guard One safety/security checks."  (Id.)   He also asks the Court to (1) order the prison to stop the Guard One security checks and to instead "implement a practice that is soundless, that does not wake inmates up all hours of the day and night" and (2) order that the Guard One security checks be administered only to mental health inmates.  (Id.)

In August 2015, Plaintiff was transferred from the California Correctional Institution in Tehachapi, California to the Kern Valley State Prison in

Delano, California.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, . . . [t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1990). In resolving a 12(b)(6) motion, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. Saldate v. Wilshire Credit Corp., 686 F. Supp. 2d 1051, 1057 (E.D. Cal. 2010).

## DISCUSSION

I. Plaintiff's State Law Claims

Defendants argue that Plaintiff's negligence and fraud claims must be dismissed for failure to comply with the California Government Claims Act.

(Motion at 5-8.)   The Court agrees.

The California Government Claims Act ("CGCA") was enacted "to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the Act are satisfied." Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal., 730 F.3d 1111, 1125 (9th Cir. 2013).   Before a public employee can be sued for money damages under California law, a plaintiff "must first file a government claim pursuant to the CGCA" and the claim must be "acted upon by the board" or "deemed to have been rejected by the board."   D.V. v. City of Sunnyvale, 65 F. Supp. 3d 782, 786 (N.D. Cal. 2014); Robinson v. Alameda County, 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012).   Where injunctive relief is sought, "a CGCA claim is still required if [the plaintiff] also seeks monetary damages that are not incidental to the relief sought."   Robinson, 875 F. Supp. 2d at 1045.   Compliance with the CGCA requirements "is a condition precedent to a tort action and the failure to present the claim bars the action."   D.V., 65 F. Supp. 3d at 786.   A complaint including claims subject to the CGCA "must include facts demonstrating compliance with the claim presentation requirement or the claim will be dismissed."   Id.

The CGCA requirements for claim presentation apply to Plaintiff's negligence and fraud claims against Defendants.   Although Plaintiff seeks both

injunctive relief and money damages, the "claim for monetary damages is 'more than incidental' to [his] request for injunctive relief." See Robinson, 875 F. Supp. 2d at 1045. Indeed, Plaintiff seeks up to $100,000 for each day the Guard One security checks were used since July 2014. (Complaint at 3.) Thus, monetary damages are central to Plaintiff's tort claims and the CGCA applies. See Robinson, 875 F. Supp. 2d at 1045 ("Regardless of whether Plaintiff seeks injunctive relief for her defamation claim, she was still required to comply with the CGCA because her monetary relief claims were more than incidental.").

In the Complaint, Plaintiff neither alleges compliance with the CGCA nor provides a justification to excuse his noncompliance. The Complaint makes no mention of the CGCA at all. This omission is fatal to Plaintiff's negligence and fraud claims. See D.V., 65 F. Supp. 3d at 786 ("failure to allege facts demonstrating or excusing compliance with the claim presentation requirements subjects a claim against a public entity to a demurrer for failure to state a cause of action"). The Court therefore finds and recommends that Plaintiff's negligence and fraud claims against Defendants in their official and individual capacities be dismissed for failure to comply with the CGCA requirements. See Chavira v. El Rancho Unified School District, Civ. No. 2:15-07147 CAS-ASX, 2016 WL 1367704, at *7 n.10 (C.D. Cal. April 4, 2016) (dismissing state law claims against a

state employee in his individual capacity for failure to comply with the CGCA requirements).

    II.       Plaintiff's Federal Claims

Plaintiff asserts that Defendants violated his rights against cruel and unusual punishment under the Eighth Amendment whey they were "deliberately indifferent to the ongoing torture" caused by the Guard One security checks. (Complaint at 4-5.)   Defendants argue that (1) the federal claims against Defendants in their official capacities for money damages must be dismissed pursuant to the Eleventh Amendment, (2) the federal claims for injunctive relief are moot, and (3) Plaintiff fails to allege facts sufficient to support the federal claims against Defendants, as supervisors, in their individual capacities.   (Motion at 8-12; Reply at 3-5.)

        A. Federal Claims Against Defendants in Their Official Capacities

The Eleventh Amendment "bars citizen suits against states, institutional arms of the state, and state officials in their official capacity when the relief sought is retrospective in nature, i.e. damages."   <u>Ulaleo v. Paty</u>, 902 F.2d 1395, 1398 (9th Cir. 1990).   "[I]f the relief sought is prospective relief against a state official, i.e. injunctions, the relief is allowable."   <u>Id.</u>   Suits against state officials in their official capacity are treated as suits against the state for purposes of

Eleventh Amendment immunity.  See Hafer v. Melo, 502 U.S. 21, 25 (1991); Sherez v. State of Haw. Dept. of Educ., 396 F. Supp. 2d 1138, 1142 (D. Haw. 2005).

Plaintiff's Opposition makes clear that Defendants are sued "both as individuals and officials of the state."  (Opp. at 3.)  Accordingly, the Court finds that Plaintiff's federal claims against Defendants in their official capacities for money damages are barred by the Eleventh Amendment.  See Ulaleo, 902 F.2d at 1398.  However, the Eleventh Amendment does not bar Plaintiff's claims to the extent they seek prospective injunctive relief.

   B. Federal Claims for Injunctive Relief

Defendants contend that Plaintiff's claims for injunctive relief are moot, in light of his recent transfer to Kern Valley State Prison.  (Motion at 9-10; Opp. at 4.)

"A claim is considered moot if it has lost its character as a present, live controversy and if no effective relief can be granted; where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."  Flowers v. Ahern, 650 F. Supp. 2d 988, 990 (N.D. Cal. 2009) (citing Flast v. Cohen, 392 U.S. 83, 95 (1968)).  Where injunctive relief is requested, questions of mootness are determined in light of the present circumstances.  Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996).

"When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot." Flowers, 650 F. Supp. 2d at 991 (citing Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995)). "A claim that the inmate might be retransferred to the prison where the injury occurred is too speculative to overcome mootness." Id. (citing Dilley, 64 F.3d at 1368-69). The Ninth Circuit has dismissed prisoners' claims for injunctive relief as moot when they were transferred to other facilities. See, e.g., Dilley, 64 F.3d at 1368 ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies."); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (dismissing a prisoner's claims for injunctive relief as moot because he was transferred to a different correctional facility); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986) (same).

In this case, Plaintiff's Complaint challenges the implementation of Guard One security checks at the California Correctional Institution in Tehachapi, California and seeks injunctive relief. After filing the Complaint, Plaintiff was transferred to Kern Valley State Prison in Delano, California. Plaintiff asserts that he has been housed at the Tehachapi prison "on two separate occasions, making the

9

Plaintiff's claims not moot." (Opp. at 3.) He also argues that Guard One checks are implemented statewide and he "can reasonably be expected to be placed in segregation in the future." (Id.) However, Plaintiff's suggestions that he may be subject to Guard One security checks in the future are "too speculative to overcome mootness." Flowers, 650 F. Supp. 2d at 991. Further, Plaintiff has not alleged that he has been subject to the Guard One security checks at Kern Valley State Prison. Therefore, because Plaintiff has been transferred to another facility and "there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief," the Court finds and recommends that his claims for injunctive relief be dismissed as moot. See Flowers, 650 F. Supp. 2d at 991.

    C. Federal Claims Against Defendants in Their Individual Capacities

Defendants assert that Plaintiff's Eighth Amendment claims against Defendants in their individual capacities must be dismissed because "Plaintiff does not allege that any of the named defendants actually conducted the Guard One security checks." (Motion at 10-11; Reply at 4.) Defendants argue that, as supervisors, Defendants are "not liable under § 1983 for the actions of their employees" who conducted the security checks. (Motion at 11.)

"[S]ection 1983 suits do not impose liability on supervising officers under a respondeat superior theory of liability." Graves v. City of Coeur D'Alene, 339 F.3d 828, 848 (9th Cir. 2003); see also Hollis v. Director of Corrections, 560 F. Supp. 2d 920, 927 (C.D. Cal. 2008) ("Vicarious liability does not apply to supervisorial personnel in a civil rights action."). "Instead, supervising officers can be held liable under section 1983 'only if they play an affirmative part in the alleged deprivation of constitutional rights.'" Graves, 339 F.3d at 848. "The supervising officer has to 'set in motion a series of acts by others, which he knew or reasonably should have known, would cause others to inflict the constitutional injury.'" Id.

Plaintiff alleges that Defendants implemented, enforced, and upheld the Guard One security checks and continued to do so even "after being made aware of the adverse effects on the inmate population," including sleep deprivation, stress, anxiety, and depression. (Complaint at 3-5.) Plaintiff also states that Defendants ordered other correctional officers to conduct the checks. (Opp. at 4-5.) Construing Plaintiff's allegations in the light most favorable to him and accepting them as true, Saldate, 686 F. Supp. 2d at 1057, the Court finds that Plaintiff sufficiently alleges that Defendants, as supervising officers, set in motion and continued to enforce the Guard One procedures, which they knew would cause injury to Plaintiff and other inmates. Graves, 339 F.3d at 848. The Court

11

therefore finds that Plaintiff alleges "sufficient facts under a cognizable legal theory" to prevail against dismissal of this claim.   Balistreri, 901 F.2d at 699.

In sum, the Court recommends dismissal of all state claims, and all federal claims against Defendants in their official capacities.   The Court also finds that Plaintiff's request for injunctive relief is moot.   As a result, the only claim remaining before this Court is Plaintiff's claim for monetary damages against Defendants in their individual capacities, for violation of his Eighth Amendment rights.

## CONCLUSION

For the foregoing reasons, the Court finds and recommends that Defendants' Motion to Dismiss (Doc. 27) be GRANTED IN PART and DENIED IN PART.   Based on this Court's recommendations, the only claim remaining before this Court is Plaintiff's claim for monetary damages against Defendants in their individual capacities, for violation of his Eighth Amendment rights.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).   Within **fourteen (14)** days after being served with these Findings and Recommendations, any party may file written objections with the Court.   Local Rule 304(b).   The document shall be captioned "Objections to Magistrate Judge's

Findings and Recommendation."  Responses, if any, are due within fourteen (14) days after being served with the objections.  Local Rule 304(d).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, September 12, 2016



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Joaquin Murillo v. K. Holland, 1:15-cv-00266-LJO-BMK, FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION TO DISMISS (Doc. 27).