# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MURILLO,<br><br>        **Plaintiff,**<br><br>    v.<br><br>K. HOLLAND, *et al.*,<br><br>        **Defendants.** | CASE NO. 1:15-cv-00266-LJO-BMK<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT IN PART DEFENDANTS' MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION TO AMEND; AND ORDERING FILING OF PLAINTIFF'S LODGED COMPLAINT**<br><br>**(ECF Nos. 46, 27, 48 & 50)** |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff complains that while he was housed in administrative segregation at the California Correctional Institution in Tehachapi, California, guards used a metal wand to make a loud noise in each prison cell every thirty minutes, a procedure Plaintiff alleges amounts to "torture" because the constant loud noise causes sleep deprivation, fatigue, stress, anxiety, and depression. (Complaint, ECF No. 1 at 3.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 302 of the United States District Court for the Eastern District of California.

On September 12, 2016, the Magistrate Judge issued Findings and Recommendations (F&Rs) to grant in part Defendants' motion to dismiss. (ECF No. 46.) Specifically, the F&Rs recommend (1) dismissal of Plaintiff's state law negligence and fraud claims for failure to comply with the California Government Claims Act; (2) dismissal of Plaintiff's federal claims against Defendants in their official capacities; (3) dismissal of Plaintiff's federal claims for injunctive relief as moot, in light of Plaintiff's recent transfer to Kern Valley State Prison; and (4) that Plaintiff's remaining federal claims for damages against Defendants be allowed to proceed. The F&Rs did not include any recommendation as to whether leave to amend should be.

Plaintiff timely filed objections to the F&Rs (ECF No. 47), and Defendant filed a response to those objections. (ECF No. 47.) In addition, Plaintiff filed a request for leave to amend his complaint (ECF No. 47), along with a lodged, proposed amended complaint. (ECF No. 50.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the F&Rs to be supported by the record and by proper analysis. Plaintiff's objections focus on mootness of the injunctive relief claim. The F&Rs correctly articulate the applicable rule: "When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot." *Flowers v. Ahern*, 650 F. Supp. 2d 988, 991 (N.D. Cal. 2009). Plaintiff's present Complaint does not allege any facts that would give rise to a reasonable expectation that Plaintiff would be subjected to the noise-making policy at his current place of incarceration, even if he were placed in administrative segregation there.

As to Plaintiff's request for leave to amend, such leave is to be given freely when justice so requires. Fed. R. Civ. P. 15(2). To the extent that the pleadings can be cured by the allegation of additional facts, a plaintiff should be afforded leave to amend. *Cook,*

2

*Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir.1990) (citations omitted). Here, it appears that Plaintiff's proposed amended complaint attempts to address some of the issues raised in the F&Rs in ways that are not obviously futile. Accordingly, Plaintiff's request for leave to amend is GRANTED.

## **CONCLUSION AND ORDER**

1. The Court adopts in full the findings and recommendations filed September 12, 2016 (ECF No. 46);
2. Defendants' motion to dismiss (ECF No. 27) is GRANTED IN PART;
3. Plaintiff's motion to amend (ECF No. 48) is GRANTED;
4. The Clerk of Court is directed to file Plaintiff's lodged amended complaint (ECF No. 50); and
5. Defendants shall have 30 days from electronic service of this order to file a responsive pleading or appropriate motion regarding the amended complaint;

IT IS SO ORDERED.

Dated:   **December 19, 2016**         /s/ Lawrence J. O'Neill
                              UNITED STATES CHIEF DISTRICT JUDGE