# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MURILLO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HOLLAND, et al<br><br>　　　　　Defendants. | Case No. 1:15-cv-00266-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS**<br><br>**(Doc. 53)**<br><br>**21-DAY DEADLINE** |

## I. INTRODUCTION

Plaintiff is proceeding on claims under section 1983 against Defendants Warden K. Holland, Deputy Warden J. Gutierrez, and G. Ybarra violation of the Eighth Amendment via the promulgation and implementation of "Guard-One Safety and Security Checks" at CCI. Defendants filed a motion to dismiss (Doc. 53) and Plaintiff filed an opposition (Doc. 56) to which Defendants did not reply. The motion is deemed submitted per Local Rule 230(*l*) and, for the reasons discussed herein, should be **GRANTED in part** and **DENIED in part**.

## II. LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. Dismissal is proper if there is a lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d

1240, 1241-42 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept well-pled factual allegations as true and draw all reasonable inferences in favor of the non-moving party.  *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000).  Pleadings of prisoners proceeding *pro se* are liberally construed and any doubt is resolved in the inmate's favor.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Further, "[i]f there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216-17.  "Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible.  The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable.  The factual allegations of the complaint need only 'plausibly suggest an entitlement to relief.'" *Id.* (emphasis in original).  "Rule 8(a) '*does not impose a probability requirement at the pleading stage*; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to support the allegations." *Id.*, quoting *Twombly*, 550 U.S. at 556 (emphasis added in *Starr*).

///

### III. **FINDINGS**

**A.     Plaintiff's Allegations**

Plaintiff's general factual allegations are brief:
In July of 2014, K. Holland implemented a practice which causes sleep deprivation in violation of the U.S. Constitution. Sleep deprivation is torture. K. Holland did implement a loud, nose making practice. The torturous practice is called Guard-One Safety/Security Checks, it is carried out every 30-minutes of the day and night. A metal wand is used to bang on the metal cell door in order to register the check. When the wand makes contact with the metal door it causes a loud bang noise inside the cell, followed by a loud beep sound, which the wand itself emits. This practice deprives the Plaintiff of a basic human need. It causes fatigue, stress, anxiety, memory loss, depression, worsens overall health, kills brain cells, possible long term brain damage, sleep deprivation causes physical and psychological damages. The practice awakens the Plaintiff from sleep every 30-minutes of the day and night, it does not allow for REM-sleep.

(Doc. 52, FAC, p. 3.)

Plaintiff alleges that Warden Holland implemented the Guard-One checks and was deliberately indifferent to his health and safety; was negligent when she failed to correct the unlawful practice; failed to properly investigate his inmate appeal on the issue; and violated his due process rights when she implemented the Guard-One checks on inmates who did not have mental health issues. (*Id.*, p. 4.)

Plaintiff alleges that Deputy Warden Gutierrez was deliberately indifferent in his implementation and enforcement of the Guard-One checks; was made aware of the problems with the Guard-One checks "via the inmates appeal process"; was negligent in his investigation of Plaintiff's inmate appeals; and violated Plaintiff's due process rights when he implemented the Guard-One checks on inmates who did not have mental health issues. (*Id.*, pp. 4-5.)

Plaintiff alleges that Sergeant Ybarra was deliberately indifferent in his implementation and enforcement of the Guard-One checks; was made aware of the problems with the Guard-One checks "via the inmates appeal process"; was negligent in his investigation of Plaintiff's inmate appeals and violated Plaintiff's due process rights by failing to interview Plaintiff or other inmates; committed fraud by stating in his report that he had interviewed Plaintiff when he had not; failed to properly supervise officers under his command to ensure the checks were being properly conducted; and was negligent for failing to step into a cell to verify the degree of noise

emitted by the Guard-One checks. (*Id.*, pp. 5-6.)

Plaintiff also alleges that "Unnamed Correctional Officers for A-Yard, 5-Building" on all three shifts violated the Eighth Amendment and were malicious and grossly negligent in their implementation of the Guard-One checks; and violated due process by implementing a mental health practice on inmates who did not have mental health conditions. (*Id.*, p. 6.)

**B.     Defendants' Motion**

Defendants move to dismiss Plaintiff's claims under state law for his failure to comply with the California Government Claims Act (Doc. 53, MDT, pp. 7-9); that Plaintiff's claims against them in their official capacity are barred by the Eleventh Amendment (*id.*, p. 10); that Plaintiff's claims for injunctive relief are moot (*id.*, pp. 10-11); that Plaintiff fails to sufficiently link them in their individual capacities to the events that allegedly caused deprivation of his rights (*id.*, pp. 11-13)[1]; and that Plaintiff fails to link the individuals identified as "Unnamed Correctional Officers" to his allegations to demonstrate personal participation in the deprivation of his rights as well as that Plaintiff should not be allowed to pursue them as Doe defendants (*id.*, pp. 13-14).[2]

**C.     Analysis**

**1.     The California Government Claims Act**

Under California's Government Claims Act ("CGCA"),[3] set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil

---

[1] Defendants' argument that they have no liability for failing to take specific action in response to Plaintiff's 602 appeal is addressed in the discussion of Defendants' knowledge of and acquiescence in the deprivation based thereon.

[2] Though Defendants identify the argument that "Plaintiff has no right to be free from a federal court order requiring Defendants to implement suicide prevention measures" in their bullet-point list of arguments (Doc. 53, 3:21-22), the body of their motion fails to address any such argument. The Court declines to address an assertion for which the moving party fails to provide legal or factual support.

[3] The Government Claims Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation," *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted), and "to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the Act are satisfied," *Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1125 (9th Cir. 2013). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239 (fn.omitted).

To be timely, a claim must be presented to the VCGCB "not later than six months after the accrual of the cause of action." Cal. Govt.Code § 911.2. Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the claim. Cal. Gov. Code, § 945.6, subd. (a)(1).

Federal courts must require compliance with the CTCA for pendant state law claims that seek damages against state employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the applicable requirements. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

Plaintiff alleges acts of negligence against Defendants Holland, Gutierrez, and Ybarra (Doc. 52, pp. 4-7) and fraud against Defendant Ybarra (*id.*, p. 6). Negligence and fraud are state law claims. Thus, in order to be allowed to pursue them, Plaintiff must "allege facts

demonstrating or excusing compliance with the claim presentation requirement . . . ." *Bodde*, 32 Cal.4th at 1244. However, as Defendants correctly point out, Plaintiff's only allegation regarding compliance with the CFCA is that he "submitted a Governments (sic) Claim Form on 9-27-16." (Doc. 52, p. 2.)

The events that Plaintiff complains of allegedly occurred in July of 2014. (Doc. 52, p. 3.) Thus, his submission of a claim to the VCGCB on September 27, 2016 was untimely since well beyond "six months after the accrual of the cause of action." Cal. Govt.Code § 911.2. Plaintiff provides no allegations to explain, or excuse his untimely filing. (*See* Doc. 53.) In his opposition, Plaintiff argues "[i]t is only due to legal ignorance that Plaintiff submitted an untimely Government Claims Act Forms." (Doc. 56, p. 2.) However, California courts have held that an individual who files a claim pursuant to the CGCA is charged with knowledge of the applicable statute of limitations. *See Hunter v. Los Angeles County*, 262 Cal.App.2d 820, 822, 69 Cal.Rptr. 288 (1968) ("once a claimant has filed his claim, he demonstrates familiarity with the statutory procedures governing his grievance and can reasonably be charged with knowledge of the time limitations that are part of that procedure"). Plaintiff's untimely submission to the VCGCB is not excused by his ignorance of that procedure's requirements. Thus, Defendants' motion to dismiss Plaintiff's claims under California law, negligence and fraud, against all of the defendants should be **GRANTED**.

### 2. Eleventh Amendment Immunity

Defendants argue that Plaintiff's claims against them in their official capacities are barred by the Eleventh Amendment. (Doc. 53, p. 10.) The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state, *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991), and "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and "[a]s such, it is no different from a suit against the

State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Accordingly, "[t]he Eleventh Amendment bars actions for damages against state officials who are sued in their official capacities in federal court." *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999); *ref Kentucky v. Graham*, 473 U.S. 159, 169 (1985). "That is so because . . . a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Id.* (citation and internal quotation marks omitted in original).

Plaintiff's claims for monetary damages against Defendants, who are state officials, in their official capacities are barred by the Eleventh Amendment and should be dismissed. Defendants' motion to dismiss Plaintiff's claims against them in their official capacities should be **GRANTED**.

### 3. Injunctive Relief

Plaintiff must establish that he has standing to seek preliminary injunctive relief. *Summers v. Earth Island Institute*, 555 U.S. 488, 493-94 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). This requires a showing "that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers*, 555 U.S. at 493 (citation and quotation marks omitted); *Mayfield*, 599 F.3d at 969.

Plaintiff's allegations arise from implementation of the Guard-One checks at CCI. (Doc. 52.) Plaintiff is currently housed at Kern Valley State Prison (KVSP). Plaintiff's request for injunctive relief to remedy his conditions of confinement for the time he was at CCI was rendered moot on his transfer to KVSP. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). Plaintiff asserts that his injunctive relief request is not moot because he has been housed in CCI's Ad-Seg three times and might be transferred back to CCI. (Doc. 56, p. 3.) However, the possibility that Plaintiff might be subjected to the circumstances complained of at some unknown point in the future does not suffice to show that it is "actual and imminent" to justify injunctive relief. *Summers*, 555 U.S. at 493. Thus,

Defendants' motion to dismiss Plaintiff's request injunctive relief should be **GRANTED** as it is moot.

### 4. Supervisory Liability

Defendants argue that the amended complaint does not allege that Defendants Holland, Guteirrez, and/or Ybarra actually conducted the checks that deprived him of sleep and that Plaintiff fails to allege facts establishing a direct connection or link between the named defendants and the alleged deprivation of Plaintiff's constitutional rights. (Doc. 53, pp. 12-13.) Though Defendants acknowledge that Plaintiff's claims against the named defendants relate to the implementation of the Guard-One checks and the investigation and response to Plaintiff's related 602 appeal, they also argue that they are not liable for failing to take specific action in response to Plaintiff's 602 appeal. (*Id.*)

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

A plaintiff may state such a claim by alleging facts that show supervisory defendants: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Defendants assert only absence of allegations showing that they personally participated in conducting the Guard-One checks in their motion and do not address the latter two, which are dispositive.

Where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability "based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct" by others. *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). While it is true that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure" under the Due Process Clause or elsewhere, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003), their knowledge and acquiescence in unconstitutional conduct by others may be shown via the inmate appeals process where, as Plaintiff alleges here, the defendants were involved in reviewing Plaintiff's related inmate appeal (as well as appeals filed by other inmates) and failed to take corrective action which allowed the violation to continue. Plaintiff's allegations that Defendants Holland, Gutierrez, and Ybarra all reviewed and failed to act on his inmate appeals complaining that the Guard-One checks caused sleep deprivation that amounted to torture, leniently construed and afforded the benefit of any doubt, suffice under Rule 12 to show knowledge and acquiescence by Defendants Holland, Gutierrez, and Ybarra. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales*, 214 F.3d at 1153; *Wilhelm*, 680 F.3d at 1121; *Watison*, 668 F.3d at 1112; *Silva*, 658 F.3d at 1101; *Hebbe*, 627 F.3d at 342.

Further, "[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted). Plaintiff alleges that, despite knowing that the Guard-One checks were greatly disrupting inmates' sleep, Defendant Ybarra failed to supervise those under his command to ensure the checks were being carried out properly. (Doc. 52, p. 5.) This suffices to state a cognizable claim against Defendant Ybarra. Thus, Plaintiff should be allowed to proceed on his claims under the Eight Amendment against Defendants Holland, Gutierrez, and Ybarra in their individual capacities; Defendants motion thereon should be **DENIED**.

        **5.**        **Plaintiff's Allegations Against "Unnamed Correctional Officers"**

Defendants argue that Plaintiff's allegations against "Unnamed Correctional Officers for A-yard, 5-Building, 1st Watch Shift, 2nd Watch Shift, and 3rd Watch Shifts" for violation of his rights under the Eighth Amendment via their implementation of the Guard-One checks are not sufficiently linked to individuals to demonstrate personal participation in the deprivation of his rights. (Doc. 53, pp. 13-14.) Plaintiff responds that he can identify all of the officers on those shifts if given the opportunity and that they all banged loud on the cell doors in a malicious and unprofessional manner in order to get the inmates to file inmate appeals because the officers did not like having to conduct the checks. (Doc. 56, pp. 4-5.)

As mentioned above, the Court must accept well-pled factual allegations as true and draw all reasonable inferences in favor of the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales*, 214 F.3d at 1153, and pleadings of prisoners proceeding *pro se* are liberally construed with any doubt resolved in the inmate's favor, *Wilhelm*, 680 F.3d at 1121; *Watison*, 668 F.3d at 1112; *Silva*, 658 F.3d at 1101; *Hebbe*, 627 F.3d at 342. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969. Plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief. *Johnson v. City of Shelby*, __ U.S. __, __, 135 S.Ct. 346, 347 (2014) (per curiam) (citation omitted). Plaintiff's allegations that the every officer on every shift in A-yard, 5-building used the Guard-One checks as a "torture weapon" to get the practice stopped via inmate appeals are not plausible and need not be accepted since conclusory and merely consistent

with their liability.

Further, section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). Plaintiff's factual allegations against the "Unnamed Correctional Officers" are too sparse to demonstrate a link between any of their specific actions or omissions and a violation of Plaintiff's rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011). His allegations do not demonstrate that each and every correctional officer for A-yard, 5-building knew that the Guard-One checks violated Plaintiff's Eighth Amendment rights and personally participated in that deprivation or that each did so one more than a few occasions knowing they were happening every 30 minutes. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Thus, Plaintiff's allegations against "Unnamed Correctional Officers" for A-yard, 5-building of all three watch shifts are not cognizable and Defendants' motion to dismiss thereon should be GRANTED.[4]

### IV. RECOMMENDATIONS

As discussed in detail above, Plaintiff failed to allege compliance with the California Government Claims Act on his claims under California law; Defendants are entitled immunity under the Eleventh Amendment on Plaintiff's claims against them in their official capacities; Plaintiff's request for injunctive relief is moot; Plaintiff has stated cognizable claims against Defendants for violation of the Eighth Amendment in their individual capacities; and Plaintiff does not sufficiently link the individuals identified as "Unnamed Correctional Officers" to deprivations of his rights to pursue claims against them. Given the defects in Plaintiff's pleading discussed above, that this action is now over two years old, and that Plaintiff has had prior opportunity to amend, further leave to amend would be futile and should not be granted. *Akhtar*

---

[4] The arguments whether Plaintiff should be allowed to pursue "Unnamed Correctional Officers" as "Doe" defendants need not be reached since cognizability and linkage are dispositive. However, if Plaintiff had stated a cognizable claim against a specific, unnamed officer he would likely have been allowed to proceed with discovery to identify any such individual and amend under Rule 15. *Merritt v. Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989); *see Swartz v. Gold Dust Casino, Inc.*, 91 F.R.D. 543, 547 (D. Nev. 1981).

*v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, the Court **RECOMMENDS**:

1. Defendants' motion to dismiss (Doc. 53) should be **GRANTED** as to Plaintiff's claims under California law since he failed to comply with the California Government Claims Act;

2. Defendants' motion to dismiss (Doc. 53) should be **GRANTED** as to Plaintiff's claims against them in their official capacities since they are entitled to immunity under the Eleventh Amendment;

3. Defendants' motion to dismiss (Doc. 53) should be **GRANTED** as to Plaintiff's request for injunctive relief since it is moot;

4. Defendants' motion to dismiss (Doc. 53) should be **DENIED** as to Plaintiff's claims against them for violation of the Eighth Amendment in their individual capacities upon which Plaintiff should be allowed to proceed to which Defendants K. Holland, J. Gutierrez, and G. Ybarra should be directed to file an answer; and

5. Defendants' motion to dismiss (Doc. 53) should be **GRANTED** as to Plaintiff's claims against the individuals identified as "Unnamed Correctional Officers" since Plaintiff's allegations do not establish their personal involvement or the requisite causal link for a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///
///

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 27, 2017**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE