UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MURILLO, <br><br> Plaintiff, <br><br> v. <br><br> K. HOLLAND, et al., <br><br> Defendants. | No. 1:15-cv-0266 KJM DB P <br><br><br> ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff contends defendants caused him sleep deprivation in violation of the Eighth Amendment. Before the court are plaintiff's motions to compel defendants to respond to discovery, plaintiff's requests for the appointment of counsel, and defendants' motion to modify the Discovery and Scheduling Order. For the reasons set forth below, the court will deny plaintiff's motions, without prejudice to refiling a more specific motion to compel, and grant defendants' motion.

**BACKGROUND**

This case is proceeding on plaintiff's first amended complaint filed here on December 19, 2016. (ECF No. 52.) Defendants' motion to dismiss that complaint was granted in part and denied in part. (ECF Nos. 57, 58.) One claim remains – plaintiff's Eighth Amendment claim that

////

1

defendants Holland, Gutierrez, and Ybarra implemented Guard One security checks and allowed them to continue despite their knowledge that the checks were depriving plaintiff of sleep.

After defendants filed an answer, the court issued a Discovery and Scheduling Order on July 7, 2017 which set a discovery cut-off of December 7, 2017 and a deadline of February 5, 2018 for filing pre-trial dispositive motions. (ECF No. 62.) On November 16, 2017, the court granted plaintiff's request to extend the discovery cut-off to February 7, 2018. (ECF No. 72.)

On July 11, 2017, Jorge Andrade Rico filed a notice that his case, No. 2:170-cv-1402-CKD, is related to the present case and two other cases pending in this court, including the class action Coleman v. Brown, No. 2:90-cv-520 KJM DB P. (ECF No. 64.) On February 2, 2018, Judge Mueller related the four cases. (ECF No. 79.) Each has been assigned to Judge Mueller and to the undersigned magistrate judge. On February 15, 2018, Mr. Rico filed notices of two additional related cases. (ECF Nos. 81, 83.)

On January 8, 2018 plaintiff filed motions to compel defendants to respond to his first and second sets of interrogatories and requests for production of documents. (ECF No. 75.) On January 29, 2018, plaintiff filed a second motion to compel. (ECF No. 76.) In this second motion, plaintiff seeks further responses to his second set of interrogatories and requests for production of documents. In both motions, plaintiff includes a request for the appointment of counsel. On January 30, 2018, defendants filed an opposition to the January 8 motion. (ECF No. 77.) On February 12, 2018, plaintiff filed a document in reply. (ECF No. 80.)

## MOTIONS TO COMPEL

### I. Legal Standards

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

**II.     Analysis**

In his initial motion to compel, plaintiff stated that defendants failed to respond to his second set of interrogatories and requests for production. (ECF No. 75.) Plaintiff also noted that defendants had responded to his first set of interrogatories and requests for production, but "did not answer questions nor produce[] any documents." (Id. at 2.) Finally, plaintiff requests that

////

defendants be sanctioned in the amount of $1,000 as plaintiff's reasonable expenses for preparing the motion. (Id.)

Plaintiff states that he propounded the second set of discovery on defendants on November 27, 2017. (Id. at 1.) As defendants point out in their opposition, their discovery responses were not due until 45 days after plaintiff propounded the discovery requests. Accordingly, plaintiff's January 8 motion to compel responses to the second set of interrogatories and requests for production was premature.

To the extent plaintiff's first motion seeks to compel responses to his first set of interrogatories and requests for production, he fails to explain any basis for his motion. This lack of explanation or argument is repeated in plaintiff's second motion. In the second motion to compel, plaintiff simply argues that defendants should be ordered to respond fully to all the interrogatories and requests for production. (ECF No. 76.) Plaintiff does not explain which responses are inadequate or why he feels any of the responses are inadequate.

In his filing in reply to defendants' opposition, plaintiff explains that his requests are mainly meant to identify witnesses and to "obtain vital evidence to help verify the plaintiff's claims." (ECF No. 80 at 1.) However, plaintiff does not provide any specific arguments or identify which discovery responses are inadequate.

Defendants first argue that the facts at issue in this case involve only plaintiff's alleged sleep deprivation as a result of the Guard One security checks. Therefore, defendants contend, questions regarding complaints by other inmates or staff are not relevant. Second, defendants argue that plaintiff's motions should be denied because plaintiff does not identify which of the over 100 discovery requests he is challenging. Finally, while defendants objected to plaintiff's request for copies of memoranda regarding the implementation of Guard One security checks, in their opposition brief, defendants state that they will, in fact, provide those memoranda to plaintiff.

While plaintiff is acting in pro per, and the court is sensitive to the difficulties he faces in complying with legal requirements, plaintiff's complete failure to specify the inadequacies in defendants' responses renders his motions improper. Plaintiff propounded over 100 separate

4

discovery requests. The court is not required to sift through each request and each response. When bringing a motion to compel, plaintiff must "inform the court which discovery requests are the subject of his motion" and "for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified." Ellis, 2008 WL 860523, at *4; see also McCoy, 2016 WL 3196738, at *2. The court will permit plaintiff to renew his motion to compel so that he may specify just what he finds objectionable in defendants' responses. In renewing his motion, plaintiff is advised to carefully consider this court's findings below on issues raised by defendants' opposition. Plaintiff should not move to compel responses to discovery that this court finds is not relevant to this action.

First, to the extent plaintiff is arguing that defendants were obligated to comply with Federal Rule of Civil Procedure 26, that argument is baseless. Rule 26 specifically exempts cases brought by prisoners proceeding pro se from its automatic disclosure requirements. See Fed. R. Civ. P. 26(a)(1)(B)(iv).

With respect to the objections argued by defendants in their brief, the court first finds that defendants' argument that complaints by other inmates and staff are not relevant is not a valid objection. For the year at issue, July 2014 through July 2015, plaintiff is entitled to know whether defendants had notice of complaints by other inmates that the Guard One checks were disturbing their sleep. While the court agrees that the identity of those inmates and staff is not relevant, the number of complaints and the dates they were submitted may be relevant.

With respect to plaintiff's requests for log books, the court cannot find any relevance to incident logs and lock down logs. However, logs reflecting who was on duty during the time period the Guard One checks were disturbing plaintiff's sleep would be relevant. Plaintiff is entitled to information about which officers were conducting checks using the Guard One system that caused plaintiff to be deprived of sleep. However, defendants' argument that providing a year's worth of log books is burdensome is well taken. In fact, in his reply brief, plaintiff appears to accept that he does not require an entire year of logs.

Defendants state that they are "amenable to respond to appropriate, focused discovery requests that address Defendants' objections." (ECF No. 77 at 4.) In his motion to compel,

plaintiff is encouraged to address defendants' objections and narrow his requests, where appropriate.

The parties should note that the court does not consider these findings to be a final ruling on defendants' objections to plaintiff's discovery requests. Rather, these findings are provided to assist plaintiff in narrowing his motion to compel so that he seeks only that information that is relevant to his proceeding.

Plaintiff also requests that defendants be charged $1,000 for his expenses in bringing the motions to compel. Because the court did not grant plaintiff's motions, the imposition of sanctions against defendants for "evasive or incomplete disclosure, answer, or response" is not justified. Fed. R. Civ. P. 37(a)(4).

## REQUESTS FOR THE APPOINTMENT OF COUNSEL

In both of his motions to compel, plaintiff requests the appointment of counsel. He provides no reasons for those requests.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motions to compel (ECF Nos. 75, 76) are denied without prejudice.

////

2. Within thirty days of the date of this order, plaintiff may file a renewed motion to compel defendants to respond to discovery. Plaintiff is advised that he must:
   a. Specifically identify which interrogatories and requests he is moving to compel a response;
   b. Explain how each interrogatory or request seeks information relevant to plaintiff's claim;
   c. Explain how defendants responded to each interrogatory or request; and
   d. Explain why that response is inadequate or improper.
3. Defendants' motion to modify the Discovery and Scheduling Order (ECF No. 78) is granted. The cut-off date for discovery is extended through March 31, 2018. The deadline for filing dispositive pre-trial motions is extended through May 31, 2018.
4. Plaintiff's requests for the appointment of counsel are denied.

Dated: February 27, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/muri0266.mtc

7