UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MURILLO, | No. 1:15-cv-0266 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| K. HOLLAND, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff alleges defendants deprived him of sleep in violation of the Eighth Amendment. Before the court is plaintiff's motion to compel responses to discovery. For the reasons set forth below, the court will grant in part and deny in part plaintiff's motion.

**BACKGROUND**

This case is proceeding on plaintiff's first amended complaint ("FAC") filed on December 19, 2016. (ECF No. 52.) Defendants' motion to dismiss that complaint was granted in part and denied in part. (ECF Nos. 57, 58.) One claim remains – plaintiff's Eighth Amendment claim that defendants Holland, Gutierrez, and Ybarra implemented Guard One security checks and allowed them to continue despite their knowledge that the checks were depriving plaintiff of sleep. After defendants filed an answer, the court issued a Discovery and Scheduling Order on July 7, 2017 which set a discovery cut-off of December 7, 2017 and a deadline of February 5, 2018 for

1

filing pre-trial dispositive motions. (ECF No. 62.) On November 16, 2017, the court granted plaintiff's request to extend the discovery cut-off to February 7, 2018. (ECF No. 72.)

On July 11, 2017, Jorge Andrade Rico filed a notice that his case, No. 2:17-cv-1402-CKD, is related to the present case and two other cases pending in this court, including the class action Coleman v. Brown, No. 2:90-cv-520 KJM DB P. (ECF No. 64.) On February 2, 2018, District Judge Mueller related the four cases. (ECF No. 79.) Each has been assigned to Judge Mueller and to the undersigned magistrate judge. Since then, two additional cases regarding the Guard One system have been related to Coleman. See Suarez v. Beard, 2:18-cv-0340 KJM DB (E.D. Cal.) and Lipsey v. Barnes, 2:18-cv-0362 KJM DB (E.D. Cal.).

On January 8, 2018 plaintiff filed motions to compel defendants to respond to his first and second sets of interrogatories and requests for production of documents. (ECF No. 75.) On January 29, 2018, plaintiff filed a second motion to compel. (ECF No. 76.) In the second motion, plaintiff sought further responses to his second set of interrogatories and requests for production of documents. In an order filed February 27, 2018, based on plaintiff's failure to identify the discovery responses he was challenging, the court denied the motions to compel without prejudice. (ECF No. 86.) The court gave plaintiff thirty days to renew his motion to compel. In addition, the court extended the discovery deadline through March 31, 2018 and the dispositive motion deadline through May 31, 2018.

On March 26, 2018, plaintiff filed the present, renewed motion to compel. (ECF No. 87.) On April 17, 2018, defendants filed an opposition. (ECF No. 88.) Plaintiff has not filed a reply brief.

**MOTION TO COMPEL**

I.  **Legal Standards**

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule

of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

**II.     Analysis**

Plaintiff challenges discovery responses from each of the three defendants.

////

////

3

**A. Responses from Defendant Holland**

    1. Interrogatories, Set 2, #2 – "Did any Inmates complain about any aspect of Guard One Safety/Security Checks? If yes, please explain.[1]"

Response: Holland objected on the grounds of overbreadth and relevance. She further objected to the extent responsive information may be contained in privileged personnel files or sought private information about other inmates. Holland then responded that she was aware of complaints made by plaintiff in July and August 2014. (ECF No. 77-2 at 7-8.)

Plaintiff argues that Holland did not fully answer the question. Holland responds that his reference to plaintiff's July 2014 complaint was an acknowledgment that other inmates had complained. (ECF No. 88 at 3.) Apparently, plaintiff initially tried to file his appeal on behalf of a group of inmates. Holland then objects that the question was overbroad because it asked about "any" complaint, not just those involving sleep deprivation, and even if limited to sleep deprivation, plaintiff's question would require Holland to go through hundreds of inmate complaints to attempt to locate the relevant ones.

The court recognizes that plaintiff's interrogatory is inartfully stated. He asks whether "any inmates" complained. He did not ask Holland to provide specific information about each complaint. However, it is clear from this interrogatory, and from plaintiff's requests for production of documents, that he was seeking more specific information regarding the number of complaints about the Guard One system. As stated in the court's February 27, 2018 order, complaints by other inmates about sleep deprivation due to the Guard One system may be relevant to plaintiff's claim. (ECF No. 86 at 5.) They could show defendants' notice of the problem and support plaintiff's assertion that use of the Guard One system was so noisy that it deprived him of sleep. While the court previously stated that information showing the number of complaints and the dates they were filed would be sufficient, upon reflection, the court finds that plaintiff also requires copies of the complaints and documents regarding their review at each level

////

---

[1] Plaintiff's discovery requests and defendants' responses can be found in an attachment to defendants' opposition to plaintiff's original motion to compel. (See ECF No. 77-2.)

in order for plaintiff to determine which complaints these defendants were, or should have been, aware of.

The court also recognizes that requiring defendants to search through a large number of complaints to determine which complaints address this subject matter would be burdensome. However, the defendants' simple statement that determining which complaints alleged sleep deprivation due to the Guard One system would require going through "hundreds" of complaints is vague. It is not clear if defendants would be required to review 200 complaints or 1200 complaints. A party must make a reasonable inquiry to determine whether responsive documents exist, and if they do not, the "party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." Marti v. Baires, No. 1:08-cv-0653-AWI-SKO PC, 2012 WL 2029720, at *19–20 (E.D. Cal. June 5, 2012) (citing Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *1 (E.D. Cal. Mar. 9, 2010)). Defendants do not appear to have made a reasonable inquiry. It is also not clear from defendants' brief response how the complaints are maintained by the prison. The court assumes they are organized by date.

The court will not require Holland to respond to this interrogatory. Rather, the court will require defendants to respond to plaintiff's requests for production, identified below, to provide copies of all inmate complaints regarding sleep deprivation due to the Guard One system, which the court construes to include the documents reflecting review at each level, for a six-month period from July 1, 2014 through December 31, 2014. Defendants may redact the names of the inmates who submitted the complaints, but must retain the substance of the complaint and the identification of the prison officials who reviewed them at each level.

    2. Interrogatories, Set 2, ##10-12, 16 – Holland's remaining interrogatory responses challenged by plaintiff are identical. Holland objected because the interrogatories exceeded the limit of 25 interrogatories set out in the Discovery and Scheduling Order. These interrogatories asked the following:

    #10 - "Have you ever been written up via 602, citizen complaints, sued for violating the title 15, state law, federal law for similar complaints as the

5

| | |
|---|---|
| 1 | Plaintiff's claims of sleep deprivation caused by Guard One Safety/Security |
| 2 | Checks? If yes, please explain." |
| 3 | #11 – "In July 2014 did you ever inquire or interview any Correctional |
| 4 | Officers, Nurses, Mental Health Staff, or Inmates regarding any complaints |
| 5 | due to the implementation of Guard One Safety/Security Checks? If yes, |
| 6 | please explain and what conclusions did you reach?" |
| 7 | #12 – "Can you state the names or otherwise identify Correctional Officers, |
| 8 | Nurses, Mental Health Staff, and Inmates who worked in, lived in A-yard 5 |
| 9 | Building in the month of July 2014?" |
| 10 | #16 – "Can you track, locate, and provide information for inmate witnesses |
| 11 | whom were housed at Tehachapi State Prison, A-yard 5-Building in the month |
| 12 | of July 2014? The following are the names of some witnesses whom were |
| 13 | housed in A-5 and can you provide there CDCR #s and current location? |
| 14 | Inmates: Tom Brown, Jansen Guilliery or Guillroy, Rivera, Bernal, these are |
| 15 | just a few of the hundreds of possible witnesses." |

In his motion, plaintiff ignores the fact that he exceeded the number of interrogatories permitted and simply argues that Holland withheld relevant information. Plaintiff never requested permission to propound additional interrogatories, despite being told he had exceeded the permitted amount.

While the court is mindful to "liberally construe the inartful pleading of pro se litigants," Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992), and "to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements," Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988), "pro se litigants must follow the same rules of procedure that govern other litigants," King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); accord Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). There is not a double set of rules—one set for represented parties, and one set for pro se litigants. Moreover, "all litigants, including pro ses, have an obligation to comply with court orders." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

The court's Discovery and Scheduling Order was clear. Plaintiff was informed that each party was limited to "25 interrogatories" and "25 requests to produce." (ECF No. 62 at 1.) If plaintiff wished to be excused from that court-ordered requirement, he had to seek permission from the court. He has not done so. Therefore, the court must deny plaintiff's motion to compel responses to interrogatories and requests for production that exceeded the limit of 25.

    3. Requests for Production, Set 2, #1 – "If need be, redacted of confidential information, copies of relevant log books from A-yard/5-Building for the months of July 2014 to July 2015. Log books such as incident logs, lock-down logs, logs that reflect whom was on duty 1st, 2nd and 3rd watch."

Response: In her original response, defendant Holland objected to this request on the grounds that it was ambiguous, unduly burdensome, sought confidential information, and sought irrelevant information. (ECF No. 77-2 at 33.) She provided no documents. After plaintiff agreed to narrow the request to a month of logs, defendant Holland produced Guard One logs showing Guard One checks for A-yard/5-Building for the period of June 14, 2014 through August 4, 2014. (See ECF No. 88 at 4; Thorn Decl. (ECF No. 88-1).) Defendant submitted those logs after plaintiff had filed his pending motion to compel. Plaintiff has not notified the court that this submission is inadequate and, therefore, the court will accept that plaintiff has received an appropriate response to this request for production and his motion to compel a response is moot.

    4. Requests for Production, Set 2, #3 – "If need be, redacted copies of any and all complaints made relating to the implementation of Guard One Safety/Security Checks."

Response: Holland objected to this request on the grounds that is was ambiguous, overly broad, unduly burdensome, and may seek confidential information. Holland provided no documents in response to this request.

Plaintiff argues that the request seeks relevant evidence about who knew what and when. (ECF No. 87 at 7.) Holland states that the request contains no limitations on time, the nature of the complaints, or who authored the complaints. As described above, the court will order defendant Holland to respond to this request by providing copies of all inmate complaints

regarding sleep deprivation due to the Guard One system, which the court construes to include the documents reflecting review at each level, for a six-month period from July 1, 2014 through December 31, 2014. Defendants may redact the names of the inmates who submitted the complaints, but must retain the substance of the complaint and the identification of the prison officials who reviewed them at each level.

      5. Requests for Production, Set 2, #4 – "Names, CDCR numbers, address, any relevant information of potential witnesses to the claims made by the plaintiff. The names of Correctional Officers, Nurses, Mental Health Staff, Inmates whom were housed at A-yard/5-Building in the month of July 2014. The following are just some inmate witnesses: Tom Brown, Jansen Guilliery or Guillroy, Rievera, Bernal, Gutierrez Ronald Edward CDCR #V-11133, please provide CDCR # and known addresses for the above inmate witnesses."

Response: Defendant Holland objected to this request as ambiguous, overly broad, unduly burdensome, and seeking confidential information. In addition, Holland stated that she "does not have documents responsive to this request."

Plaintiff argues that he requires documents identifying witnesses. He states that when he verbally complained to correctional officers and nurses about the sleep deprivation, he was told that the "issues were known by supervisors" and plaintiff should submit a 602 grievance. (ECF No. 87 at 7-8.) Plaintiff states that he will be unable to subpoena witnesses without access to this identifying information. Defendant argues that she does not have an obligation to assist plaintiff in contacting these individuals or to assist plaintiff in a "fishing expedition" for witnesses.

While the court agrees that defendant is not required to identify any "potential witnesses" for plaintiff, the court finds that plaintiff does not appear to have contact information for inmate witnesses. This is information that defendant Holland should be able to provide easily. The court finds that liberally construing plaintiff's request as an interrogatory, rather than as a request for documents, defendant Holland should provide the contact information for the five inmate witnesses identified by plaintiff. In all other respects, plaintiff's motion to compel responses to request #4 will be denied as overbroad and seeking irrelevant evidence.

6. Requests for Production, Set 2, #5 – "If need be, redacted work records of all Defendants,"

Response: Defendant Holland objects to this request as ambiguous, overly broad as to time and subject matter, unduly burdensome, seeks irrelevant information, and seeks confidential information. Holland produced no documents in response to this request.

Plaintiff argues that he should be permitted access to defendants' work records to challenge their credibility at trial by showing that they were subject to prior complaints. However, plaintiff's request is not limited to prior complaints, and even then is not limited to prior complaints regarding Guard One. The court can discern no relevance to complaints on other grounds. The court finds it reasonable to limit this request to any documents reflecting complaints regarding sleep deprivation as a result of each defendant's involvement in the Guard One system that are found in their personnel files. To the extent 602 grievances were filed that identify these defendants, those documents are covered by the court's requirement that Holland respond to request for production #3, as limited by the court.

**B. Responses from Defendant Ybarra**

		1. Interrogatories, Set 2 – Ybarra objected to all interrogatories in this set, except the first one, on the grounds that they exceeded the 25 interrogatory limit set out in the court's Discovery and Scheduling Order. The interrogatories propounded to Ybarra which are the subject of plaintiff's motion to compel are:

			#2 - "Did any inmates complain about any aspect of Guard One Safety/Security Checks? If yes, please explain."

			#4 – "Did any Mental Health Staff complain about any aspect of Guard One Safety/Security Checks? If yes, please explain."

			#8 – "From the start of Guard One Safety/Security Checks in July 2014 to about July 2015 did you write or produce any memorandums or instructions on how to implement Guard One Safety/Security Checks? If yes, please explain and describe said memos, written instructions, verbal instructions."

////

#10 - "Have you ever been written up via 602, citizen complaint, sued for violating the title 15, state law, Federal law for similar complaints as the Plaintiff's claims of sleep deprivation caused by Guard One Safety/Security Checks? If yes, please explain."

#11 - "In July 2014 did you ever inquire or interview any Correctional Officers, Nurses, Mental Health Staff, or Inmates regarding any complaints due to the implementation of Guard One Safety/Security Checks? If yes, please explain and what conclusions did you reach?"

#13 – "Did you convey to your superiors any complaints made b[y] Correctional Officers, Nurses, Mental Health Staff, or Inmates about Sleep deprivation caused by Guard One Safety/Security Checks? If yes, please explain."

#14 – "What were your actions, orders after the Plaintiffs 602 to address sleep deprivation caused by Guard One Safety/Security Checks?"

For the reasons described above, the court must deny plaintiff's motion to compel responses to these interrogatories because he failed to seek, or show a basis for, exceeding the 25 interrogatory limit set by the court.

2. Requests for Production, Set 2, #1 – "If need be, redacted of confidential information, copies of relevant log books from A-yard/5-Building for the months of July 2014 to July 2015. Log books such as incident logs, logs that reflect whom was on duty 1st, 2nd and 3rd watch."

Response: Defendant Ybarra objected to this request on the grounds that it is ambiguous, overly broad, unduly burdensome, and seeks privileged and/or confidential information. He produced no responsive documents. However, as described above, defendant Holland provided plaintiff with Guard One log books for a two-month period. Accordingly, and for the reasons set forth previously, plaintiff's motion to compel a response to this request is moot.

////
////

**C. Responses from Defendant Gutierrez**

1. Interrogatories, Set 2 – Gutierrez objected to all interrogatories in this set, except the first seven, on the grounds that they exceeded the 25-interrogatory limit set out in the court's Discovery and Scheduling Order. The interrogatories which are the subject of plaintiff's motion to compel are:

> #8 - "From the start of Guard One Safety/Security Checks in July 2014 to about July 2015 did you write or produce any memorandums or instructions on how to implement Guard One Safety/Security Checks? If yes, please explain and describe said memos, written instructions, verbal instructions."
>
> #14 – "In the month of July 2014 did Sgt. Ybarra ever convey to you that the Plaintiff complained of sleep deprivation caused by Guard One Safety/Security Checks? If yes, please explain.
>
> #16 – "After the Plaintiffs 602 appeal did you address the sleep deprivation caused by your orders to implement Guard One Safety/Security Checks? Please explain."

For the reasons described above, the court must deny plaintiff's motion to compel responses to these interrogatories because he failed to seek, or show a basis for, exceeding the 25 interrogatory limit set by the court.

> 2. Requests for Production, Set 2, #3 – "If need be, redacted copies of any and all complaints made relating to the implementation of Guard One Safety/Security Checks."

Response: Defendant Gutierrez objected to this request on the grounds that it is ambiguous, overly broad, unduly burdensome as to the term "complaints," seeks irrelevant information, and seeks privileged and/or confidential information. Gutierrez produced no documents in response to this request.

Defendant argues that the request is overbroad because it is not limited in time, by the nature of the complaints, or by the type of person making the complaints. (ECF No. 88 at 6.) Defendant states that responses to the request would likely "only prove that Plaintiff complained

11

that the Guard One welfare checks were causing him to lose sleep. The record is clear that he made such complaints." (Id.) However, defendant ignores the fact that other inmates may well have complained as well. Plaintiff is entitled to that information to show when, and to what extent, defendants were aware that the Guard One system was causing sleep problems for inmates.

As explained above, defendants will be required to provide documents responsive to this request, as limited by the court.

        3. Requests for Production, Set 2, #6 – "If need be, redacted written complaints made against all Defendants such as 602, citizen complaints, internal affairs complaints or investigations, citations of existing, past, present, lawsuits against Defendants, written reprimands."

Response: Defendant Gutierrez responded to this request by objecting on the grounds that it is ambiguous, overly broad, unduly burdensome, seeks irrelevant information, and seeks privileged and/or confidential information. Gutierrez produced no documents in response to this request.

As explained above, defendants will be required to provide copies of any complaints from their personnel files regarding sleep deprivation due to the Guard One system.

### III. Conclusion

For the reasons set forth above, the court finds plaintiff's motion to compel should be granted to require defendants to provide copies of all inmate complaints regarding sleep deprivation due to the Guard One system, which the court construes to include the documents reflecting review at each level, for a six-month period from July 1, 2014 through December 31, 2014. In addition, defendants shall provide CDCR numbers and known addresses for inmates identified by plaintiff as witnesses and shall provide documents from their personnel files reflecting complaints about sleep deprivation due to the Guard One system.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 87) is granted in part and denied in part, as follows:

////

1. Plaintiff's motion to compel defendants Holland and Gutierrez to respond to request #3 of the Requests for Production, Set 2, is granted in part. These defendants shall provide copies of all inmate complaints regarding sleep deprivation due to the Guard One system, which the court construes to include the documents reflecting review at each level, for a six-month period from July 1, 2014 through December 31, 2014. Defendants may redact the names of the inmates who submitted the complaints, but must retain the substance of the complaint and the identification of the prison officials who reviewed them at each level

2. Plaintiff's motion to compel defendant Holland to respond to request #4 of Requests for Production, Set 2, is granted in part. Holland shall provide the CDCR numbers and known current addresses for inmates: Tom Brown, Jansen Guilliery or Guillroy, Rievera, Bernal, Gutierrez Ronald Edward CDCR #V-11133.

3. Plaintiff's motion to compel defendant Holland to respond to request #5 and defendant Gutierrez to respond to request #6 of the Requests for Production, Set 2, is granted in part. These defendants shall provide copies of any complaints found in any defendant's personnel file regarding sleep deprivation as a result of any defendant's involvement in the Guard One system.

4. Plaintiff's motion to compel defendants Holland and Ybarra to respond to request #1 of Requests for Production, Set 2, is denied as moot.

5. Plaintiff's motion to compel is denied in all other respects.

Dated: May 31, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/muri0266.mtc2

13