UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MURILLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. HOLLAND, et al.,<br><br>　　　　　Defendants. | No. 1:15-cv-0266 KJM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff alleges defendants deprived him of sleep in violation of the Eighth Amendment. Before the court are plaintiff's five motions to take depositions by written questions. For the reasons set forth below, the court will deny those motions.

The court issued a discovery and scheduling order in this action on July 7, 2017. (ECF No. 62.) It set December 7, 2017 as the last day to conduct discovery and February 5, 2018 as the last day to file dispositive motions. In an order filed November 16, 2017, the court extended the discovery deadline to February 7, 2018. (ECF No. 72.) In an order filed February 27, 2018, the court extended the discovery deadline to March 31, 2018 and the dispositive motion deadline to May 31, 2018. (ECF No. 86.) Finally, the court granted defendants' requests for extensions of the dispositive motion deadline, which was finally set for July 20, 2018. (See ECF Nos. 90, 93, 96.) These orders did not extend the discovery deadline. On July 20, defendants filed a motion

for summary judgment. (ECF No. 97.) On the same day, plaintiff filed the five pending motions to take depositions by written questions. (ECF Nos. 99, 100, 101, 102, 103.)

In his motions, plaintiff simply states that because he is in custody, he does not have the ability to conduct a deposition. Therefore, plaintiff asks the court to be permitted to depose defendants Holland (ECF No. 99), Gutierrez (ECF No. 100), and Ybarra (ECF No. 101) by written questions. He also seeks to depose inmate witnesses Carlos Bernal (ECF No. 102) and Tom Brown (ECF No. 103). Plaintiff's motions come too late. Discovery closed on March 31, 2018. (See ECF No. 86.) Plaintiff does not explain why he was unable to seek this discovery sooner or why the questions he seeks to propound are relevant to this case. In the document plaintiff filed here on September 7, he states that he believed his requests were properly filed, but, again, makes no showing to support an exception to the discovery deadline. (ECF No. 109.)

Further, plaintiff has not complied with the requirements for conducting depositions by written questions. Depositions by written questions must be taken pursuant to the procedures set forth under Federal Rule of Civil Procedure 31.

> The deposition upon written questions basically would work as follows: The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness[.]

Harrell v. Jail, No. 2:14-cv-1690 TLN CKD P, 2015 WL 8539037, *1-2 (E.D. Cal. Dec. 11, 2015) (quoting Brady v. Fishback, No. 1:06-cv-0136 ALA (P), 2008 WL 1925242, at *1-2 (E.D. Cal. Apr. 30, 2008)). Plaintiff's in forma pauperis status also does not entitle him to a waiver of any of the costs associated with this form of deposition; instead, he must pay the necessary deposition officer fee, court reporter fee, and costs for a transcript. Id. (citations omitted).

Plaintiff fails to make the showing required. First, plaintiff has not designated a deposition officer or notified the deponents of the time, place and manner of deposition. Second, plaintiff has not shown he can pay any of the costs associated with written depositions, including

fees for a deposition officer and court reporter, the cost of transcribing the deposition, and witness fees and mileage under Rule 45(b)(1).

Courts have found a failure to make these showings defeats a motion to take depositions. See Harrell, 2015 WL 8539037, at *2; Jackson v. Woodford, No. 05cv0513-L(NLS), 2007 WL 2580566, at *1 (S.D. Cal. Aug. 17, 2007). As one court has observed: "If plaintiff wants to depose [a witness] on written questions, plaintiff needs to set up such a deposition, arrange for a court reporter and arrange for the attendance of the witness. It is not defendant's obligation or the court's obligation to do so." Lopez v. Horel, No. C 06-4772 SI (pr), 2007 WL 2177460, at *2 (N.D. Cal. July 27, 2007), aff'd, 367 Fed. App'x 810 (9th Cir. 2010). The court further noted that a Rule 31 deposition "may sound like an inexpensive way for a prisoner to do discovery but usually is not." Id. at *2, n.2.

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motions to conduct depositions by written questions (ECF Nos. 99, 100, 101, 102, and 103) are denied.

Dated: September 17, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/muri0266 depos.or

3