UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MURILLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KIM HOLLAND, et al.,<br><br>　　　　　Defendants. | No. 1:15-cv-0266 KJM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff contends that use of the Guard One security check system at the California Correctional Institution ("CCI") caused him sleep deprivation in violation of the Eighth Amendment. Before the court are plaintiff's motion for the appointment of counsel and defendants' motion to stay this case. For the reasons set out below, this court will deny plaintiff's motion and recommend defendants' motion to stay be granted.

**BACKGROUND**

Plaintiff filed this action in 2015. This case is proceeding on plaintiff's first amended complaint filed December 19, 2016. (ECF No. 52.) Therein, plaintiff alleged that the Guard One security check system, implemented at CCI in 2014, caused him severe sleep deprivation. Defendants moved to dismiss the first amended complaint on the grounds that plaintiff failed to state a claim. (ECF No. 53.) In June 2017, the court granted in part and denied in part

1

defendants' motion to dismiss.  (ECF No. 58.)  Plaintiff was permitted to proceed on his Eighth Amendment claims against defendants K. Holland, J. Gutierrez, and G. Ybarra, in their individual capacities.  On June 22, 2017, defendants filed an answer.  (ECF No. 61.)

After receiving notices of related cases, the court related this case to five other cases involving use of the Guard One system in California prisons: Mathews v. Holland, No. 1:14-cv-1959 KJM DB P; Wilson v. Beard, et al., No. 1:15-cv-1424 KJM DB P; Rico v. Beard, et al., No. 2:17-cv-1402 KJM DB P; Suarez v. Beard, et al., No. 2:18-cv-0340 KJM DB P; and Lipsey v. Norum, et al., No. 2:18-cv-0362 KJM DB P.[1]  In addition, these Guard One cases have been related to the class action Coleman v. Newsom, No. 2:90-cv-0520 KJM DB P.

In July 2018, defendants filed a motion for summary judgment.  (ECF No. 97.)  Among other things, defendants argued they are entitled to qualified immunity from this suit because implementation of the Guard One system was required by an order issued in Coleman.  On March 8, 2019, the undersigned issued findings and recommendations in which it recommended summary judgment be granted as to defendant Ybarra and denied as to defendants Holland and Gutierrez.  (ECF No. 113.)

On March 22, plaintiff filed the present motion to appoint counsel.  (ECF No. 115.)  On April 3, defendants filed a motion to stay this case.  (ECF No. 119.)  Plaintiff opposes the stay (ECF No. 122) and defendants filed a reply (ECF No. 123).  The court granted defendants' motion for an extension of time to file objections to the March 8 findings and recommendations until the district court renders a decision on the motion to stay.  (ECF No. 121.)

**MOTION TO STAY**

Defendants seek to stay these proceedings pending the Ninth Circuit's decision on qualified immunity issues in the related Rico case.  In Rico, the district court considered defendants' motion to dismiss the action based on, among other things, qualified immunity.  On March 5, 2019, the court held that qualified immunity protected the high level supervisory defendants from this suit but that the remaining defendants, those who reviewed plaintiff's

---

[1] Counsel recently filed a notice of a seventh related case: Harris v. Sexton, No. 1:18-cv-0080 DAD SAB P.  The court has not yet related Harris to the other Guard One cases.

2

appeals and those who conducted the security tests, were not so protected. (No. 2:17-cv-1402 KJM DB P, ECF No. 102.) The defendants remaining in the case then appealed. (Id., ECF No. 103.) On appeal, they argue that the district court erred in denying them qualified immunity. See Appellants' Mediation Questionnaire, Rico v. Ducart, et al., No. 19-15541 (9th Cir. Mar. 29, 2019). The Rico appeal remains pending in the Ninth Circuit.[2] Defendants argue that because the Ninth Circuit's decision will resolve qualified immunity issues that are very similar to those in this case, entering a stay would preserve judicial resources and avoid inconsistent rulings.

**I.      Legal Standards**

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). In evaluating whether to stay proceedings, the court balances competing interests and should consider: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation." Adkins v. J.B. Hunt Transp., Inc., 293 F. Supp. 3d 1140, 1150 (E.D. Cal. 2018) (citations omitted); see also Landis, 299 U.S. at 254–55; CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). The burden is on the requesting party to show that a stay is appropriate. Clinton v. Jones, 520 U.S. 681, 708 (1997).

**II.     Analysis**

Plaintiff opposes a stay. He contends that the delay will extend what is already a lengthy proceeding. In addition, it will delay possible relief for plaintiff and "deter plaintiff from [persevering] in this legal action."

Plaintiff fails to identify a significant potential hardship or prejudice. First, the delayed reception of ordinary money damages is not the type of potential damage that courts consider weighty when considering a stay. See I.K. ex rel. E.K. v. Sylvan Union Sch. Dist., 681 F. Supp. 2d 1179, 1191 (E.D. Cal. 2010) (citing Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir.

---

[2] The appeal was released from mediation on May 6, 2019. Appellants' opening brief is due July 1, 2019.

2005)). Second, the court is uncertain why plaintiff would be "deterred" from pursuing this action if it is stayed for a limited time. While the court recognizes that this action was filed over four years ago, plaintiff has continued to prosecute it despite its length and appears to be capable of continuing to do so.

The issues before the Ninth Circuit in <u>Rico</u> and those in the present case are similar. The Ninth Circuit will consider the applicability of qualified immunity to defendants who considered plaintiff Rico's administrative appeals and defendant correctional officers who conducted the security checks. In the present case, the two remaining defendants are the warden and associate warden at CCI. Plaintiff contends Associate Warden Gutierrez was made aware of the sleep deprivation caused by Guard One because he reviewed both plaintiff's appeals and many other inmate appeals about the problem. Plaintiff contends Warden Holland was also aware of inmate complaints about sleep deprivation because she received copies of inmate appeals. Both defendants, according to plaintiff, failed to take any action to change the way in which officers were conducting the Guard One checks.

Both parties will be prejudiced if litigation proceeds and, later in this case, the Ninth Circuit rules that the defendants in <u>Rico</u> who reviewed appeals are entitled to qualified immunity. That ruling could require dismissal of one or both defendants in this case. In that event, both parties will have spent time and resources unnecessarily. In addition, the court's limited resources will have been spent on issues that need not have been resolved. This court finds the equities weigh in favor of granting a stay.

**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff requests the appointment of counsel. (ECF No. 115.) He argues that he is unable to afford counsel, that he has limited knowledge of the law, and that his imprisonment makes investigation and trial preparation difficult.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d

4

1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 115) is denied.

Further, IT IS RECOMMENDED that defendants' motion to stay these proceedings (ECF No. 119) be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 12, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB/prisoner-civil rights/muri0266.stay

5