UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MURILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>K. HOLLAND, et al.,<br><br>    Defendants. | No.  1:15-cv-0266 KJM DB P<br><br>ORDER |

      Plaintiff is a state prisoner proceeding with a civil rights action under 42 U.S.C. §1983. Plaintiff alleges defendants' use of the Guard One security and safety check system caused excessive noise in violation of his Eighth Amendment rights.  Before the court is plaintiff's motion for an extension of time to respond to defendants' motion to dismiss.  Plaintiff alleges prison lockdowns and his transfer to restricted housing made it difficult to respond to defendants' motion.  Plaintiff shows good cause for the extension of time.

      Plaintiff also requests the appointment of counsel.  He states that he is indigent and has limited ability to respond to defendants' filings and court orders.

      The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in §1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §1915(e)(1).  Terrell v. Brewer, 935 F.2d

1

1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, plaintiff has demonstrated an ability to articulate his positions and respond to orders and motions. This court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motion for an extension of time (ECF No. 131) is granted. Plaintiff's opposition to the motion to dismiss (ECF No. 132) is properly filed.

2. Plaintiff's motion for the appointment of counsel (ECF No. 131) is denied.

Dated: July 17, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/R/muri0266.mtd eot

2