UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MURILLO,<br><br>  Plaintiff,<br><br>  v.<br><br>KIM HOLLAND, et al.,<br><br>  Defendants. | No.  1:15-cv-0266 KJM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. §1983. Plaintiff contends that use of the Guard One security check system at the California Correctional Institution ("CCI") caused him sleep deprivation in violation of the Eighth Amendment.  Before the court is defendants Holland and Gutierrez's motion to dismiss.  For the reasons set forth below, this court will:  (1) vacate its March 8, 2019 findings and recommendations with respect to the recommendation that summary judgment be denied as to defendants Holland and Gutierrez and retain the findings and recommendation that summary judgment be granted as to defendant Ybarra; (2) vacate the July 5, 2023 order requiring additional briefing; and (3) recommend defendants' motion to dismiss be denied without prejudice to its renewal as a motion for summary judgment.

////

////

1

**BACKGROUND**

This case is proceeding on plaintiff's first amended complaint filed December 19, 2016. (ECF No. 52.) Plaintiff alleges that the Guard One welfare check system, implemented at CCI in 2014, caused him severe sleep deprivation.[1] He claims defendants, who supervised correctional officers and reviewed inmate appeals, implemented and maintained the Guard One procedures despite knowing they were causing injury to plaintiff and other inmates. Defendants moved to dismiss the first amended complaint on the grounds that plaintiff failed to state a claim. (ECF No. 53.) In June 2017, the court granted in part and denied in part defendants' motion to dismiss. (ECF Nos. 57, 58.) The court found plaintiff sufficiently alleged Eighth Amendment claims for damages against the three defendants - Warden Holland, Deputy Warden Gutierrez, and Correctional Sergeant Ybarra - in their individual capacities. The court dismissed plaintiff's state law claims, claims for injunctive relief, and claims against defendants in their official capacities.

After receiving notices of related cases, the court related the present case to several other cases involving use of Guard One in California prisons. These Guard One cases have also been related to the Coleman class action.

In July 2018, defendants filed a motion for summary judgment. (ECF No. 97.) Among other things, defendants argued they are entitled to qualified immunity from this suit because implementation of the Guard One system was required by the court in Coleman. On March 8, 2019, the undersigned issued findings and recommendations in which it recommended summary judgment be granted as to defendant Ybarra and denied as to defendants Holland and Gutierrez. (ECF No. 113.) This court found the undisputed facts showed that plaintiff could not demonstrate

---

[1] In 2013, the court in Coleman v. Newsom, 2:90-cv-0520 KJM DB, a class action regarding mental health care in the California prisons, ordered the prisons to institute regular welfare checks on inmates in administrative segregation units ("ASU") and security housing units ("SHU). In 2014, CCI started using the Guard One welfare check system. On February 3, 2015, the Coleman court ordered the California prisons to use Guard One in all SHUs and ASUs. The Guard One system is a suicide prevention measure. It is intended to track officers' compliance with the regular welfare checks. It requires officers to strike a metal plate on each cell door with a metal pipe. The metal pipe has an electronic sensor that records each such contact.

////

1    that Ybarra was deliberately indifferent to the excessive noise causing sleep deprivation.² This

2    court further found disputes of material fact about what defendants Holland and Gutierrez knew

3    about inmates' complaints about Guard One and what they did in response.³ This court found

4    those disputed facts material to both plaintiff's Eighth Amendment claim against those defendants

5    and Holland and Gutierrez's qualified immunity defense.

6         On August 27, 2019, Chief District Judge Mueller stayed this action pending the Ninth

7    Circuit Court of Appeals' resolution of the motion for rehearing en banc in related case Rico v.

8    Ducart, No. 19-15541 (9th Cir.); No. 2:17-cv-1402 KJM DB P (E.D. Cal.). The Ninth Circuit

9    denied the motion for rehearing en banc and on May 6, 2021 issued the mandate for the panel's

10   decision. See Rico v. Ducart, 980 F.3d 1292 (9th Cir. 2020) ("Rico I").

11        Defendants moved to lift the stay and to dismiss this case. (ECF No. 129.) Plaintiff filed

12   an opposition (ECF No. 132) and defendants filed a reply (ECF No. 133). Recently, this court

13   lifted the stay and ordered the parties to brief the effects, if any, on this case of the decisions in

14   Rico v. Robertson, No. 21-16880, 2022 WL 17424331 (9th Cir. Dec. 6, 2022) ("Rico II") and

---

² The district court has not ruled on this court's recommendation that summary judgment be granted for Ybarra. Therefore, Ybarra remains a defendant in this case. However, defendants' motion to dismiss is brought only on behalf of Holland and Gutierrez. In any event, nothing about the parties' current briefing or changes in the law causes this court to reconsider its opinion that Ybarra is entitled to summary judgment. Therefore, this court will retain its recommendation that summary judgment be granted with respect to Ybarra as set out in the March 2019 findings and recommendations. This court considers defendants' current motion only as it relates to defendants Holland and Gutierrez.

³ In the findings and recommendations, this court stated: "The parties in this case did not dispute that Gutierrez 'reviewed and signed the second level decisions on almost all of the 26 inmate appeals filed between July and December 2014 regarding sleep deprivation caused by Guard One.' (ECF No. 113 at 10.) The appeals submitted to the court showed some inmates complaining that officers were "bang[ing]" cell doors during Guard One checks. (E.g., ECF No. 104 at 32-34 (July 2014 grievance by plaintiff Murillo); at 67-68 (summary of non-party inmate's July 2014 grievance that officers striking cell doors with too much force); at 77 (non-party inmate Sept. 2014 grievance including allegation that officers were banging, not touching, the baton to the metal plate on the cell door); at 86 (non-party inmate Sept. 2014 grievance including allegation that officers were "hitting the cell doors with enough force to rattle us awake"); at 104 (non-party inmate July 2014 grievance including allegation that officers were "constantly banging" the cell doors).) With respect to Holland, the evidence showed that she received copies of the third level appeals of each grievance. This court found material issues of fact regarding what Holland knew about the inmates' complaints.

3

1  Suarez v. Beard, No. 2:18-cv-0340 KJM DB P, 2023 WL 3094812 (E.D. Cal. Apr. 26, 2023).

2  (ECF No. 135.)

### MOTION TO DISMISS

Defendants argue that the Ninth Circuit's decision in Rico I requires dismissal of this action.  In Rico I, the Ninth Circuit considered the use of Guard One at Pelican Bay State Prison ("Pelican Bay") in 2015 and 2016.  The court held that both the prison officials in supervisory roles and the correctional officers who conducted Guard One checks at Pelican Bay were entitled to qualified immunity based largely on their reliance on the Coleman order requiring use of Guard One.  Rico I, 980 F.3d 1292.  The circuit court remanded the case to the district court for an order of dismissal.  On October 15, 2021, Chief Judge Mueller dismissed the case.[4]  Rico v. Ducart, No. 2:17-cv-1402 KJM DB P (E.D. Cal., ECF No. 130).

Initially, this court notes that it does not require briefing on the possible effects of Rico II and Suarez as previously ordered.  Both cases solely address the mootness of the plaintiffs' claims for injunctive relief.  Plaintiff's injunctive relief claims in the present case were dismissed in 2017 and this case is proceeding only on plaintiff's claims for damages.  (See ECF No. 58.)  This court will vacate the July 5, 2023 order.

With respect to the motion to dismiss, this court finds it inappropriate to rule on the issues raised by way of a motion to dismiss.  The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In considering a motion to dismiss, the court may "generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted).

////

---

[4] Plaintiff Rico appealed. On appeal, Rico argued that his injunctive relief claims should not be dismissed because they are not moot, as the district court previously held. In Rico II, the Ninth Circuit denied Rico's appeal. The Ninth Circuit held that because Rico had been released from administrative segregation, where he had been subjected to the Guard One checks, and could not show a reasonable expectation that he would be subjected to the same actions in the future, his injunctive relief claims were moot. Rico II, 2022 WL 17424331, at *1.

  Government officials are entitled to qualified immunity from civil damages unless their conduct violates "clearly established" statutory or constitutional rights. Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). Defendants argue they are entitled to qualified immunity because it was not clearly established in 2014 that the noise caused by the use of Guard One violated a prisoner's Eighth Amendment rights. Defendants' arguments are based on facts outside the first amended complaint that are not subject to judicial notice because they may be "subject to reasonable dispute." See Fed. R. Evid. 201(b) (judicial notice appropriate where a fact is "not subject to reasonable dispute"). They do not contend otherwise. Those facts include: (1) "Defendants were aware that the twice hourly welfare checks and the Guard One monitoring system was part of CDCR's court-ordered suicide-prevention efforts;" and (2) "Defendants knew suicide prevention policies, including the welfare checks and the use of Guard One were monitored by the *Coleman* Special Master and the *Coleman* court." (See ECF No. 129 at 4.)

  This court also finds that analysis of qualified immunity after the Ninth Circuit's decision in Rico I will likely require consideration of additional facts not found in the first amended complaint. Two key factors in the Ninth Circuit's decision are that Guard One's use was required by a court order in Coleman and that the physical structure of the Pelican Bay SHU and ASU amplified the noise generated by use of Guard One. See Rico I, 980 F.3d at 1299 ("Our mandate to examine the particular facts, including what caused Rico's alleged sleep deprivation, reveals that the challenged noise arose from activity that was inherently noisy in a facility the very construction of which made difficult quietly conducting round-the-clock welfare checks that defendants were ordered by the *Coleman* court to perform.")

  Neither of those facts are present in this case. First, plaintiff claims he was subjected to Guard One in 2014, prior to the issuance of a Coleman order requiring its use. Second, plaintiff's claims involve the use of Guard One at CCI, not at Pelican Bay. The Ninth Circuit stressed that its decision was based "on the specific facts presented here." Rico I, 980 F.3d at 1299. Because the facts in the present case differ in potentially significant respects, and those different facts are not apparent from the first amended complaint, the court should not resolve the qualified immunity issue on a motion to dismiss. Nor should the court convert the motion to a motion for

summary judgment because, as described above, additional facts will likely be required to resolve the qualified immunity issue.  Cf. Fed. R. Civ. P. 12(d) (if matters outside the pleadings are presented on 12(b)(6) motion, court may convert the motion to a motion for summary judgment but "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion").

**CONCLUSION**

This court finds that the issues raised in defendants Holland and Gutierrez's motion to dismiss will require consideration of facts outside the first amended complaint that are not subject to judicial notice.  Summary judgment, not a motion under Rule 12(b)(6), is the appropriate vehicle for considering defendants' claims.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  The findings and recommendation filed March 8, 2019 (ECF No. 113) are vacated in part.  The findings and recommendations are vacated with respect to the recommendation that the motion for summary judgment be denied as to defendants Holland and Gutierrez.  The recommendation that the motion for summary judgment be granted as to defendant Ybarra is retained and is unchanged.

2.  The July 5, 2023 order (ECF No. 135) requiring additional briefing is vacated.

Further, IT IS RECOMMENDED that defendants' motion to dismiss (ECF No. 129) be denied without prejudice to its renewal as a motion for summary judgment.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

////

////

////

////

6

1  specified time may result in waiver of the right to appeal the district court's order. Martinez v.
2  Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: July 27, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/muri0266.mtd