UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MURILLO, | No. 1:15-cv-00266 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| K. HOLLAND, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 8, 2019, the magistrate judge filed findings and recommendations regarding defendants' July 20, 2018, motion for summary judgment.  ECF No. 113.  The magistrate judge recently vacated part of those findings and recommendations but did not vacate the portion recommending summary judgment be granted as to defendant Ybarra.  ECF No. 138.  The findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within fourteen days.  None of the parties filed objections to the findings and recommendations.

On July 28, 2023, the magistrate judge filed findings and recommendations regarding the December 27, 2021, motion to dismiss of defendants Holland and Gutierrez.  The findings and

1

recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within fourteen days. Defendants Holland and Gutierrez filed objections to the findings and recommendations. Obj., ECF No. 140.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds each set of findings and recommendations to be supported by the record and by the proper analysis.

Regarding the findings and recommendations on their motion to dismiss, defendants argue that even though the allegations in this action are not identical to the allegations underlying the Ninth Circuit decision in *Rico v. Ducart*, they are sufficiently similar such that the court should find qualified immunity applies here. 980 F.3d 1292, 1299 (9th Cir. 2020) (*Rico* I); *see generally* Obj. Specifically, they argue plaintiff's claims only allege the Guard One policy as a whole is unconstitutional and plaintiff does not challenge the specific application of the policy at his correctional facility, California Correctional Institution (CCI). Obj. at 8.

Although plaintiff's complaint also discusses the Guard One policy in general terms, the magistrate judge correctly construed plaintiff's claims as addressing the implementation of Guard One at CCI. *See, e.g.*, First Am. Compl. at 6, ECF No. 52 ("some officers would go out of [their] way to bang extra hard on the persons cell door."); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir.2011) ("We construe pro se complaints liberally and may only dismiss a pro se complaint for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

In *Rico* I, the Ninth Circuit held qualified immunity applied to officers implementing Guard One only after examining the "particular facts" including "the noise levels of the facility and the construction of the facility itself." *See* 980 F.3d at 1299. The magistrate judge appropriately found it must conduct a fact specific inquiry related to CCI's physical structure and unique noise levels before it makes any decision on qualified immunity.

/////

/////

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed March 8, 2019 (ECF No. 113), as modified by the magistrate judge's July 28, 2023 order, are adopted in full.

2. The July 20, 2018 motion for summary judgment (ECF No. 97) is granted as to defendant Ybarra.

3. The findings and recommendations filed July 28, 2023 (ECF No. 138) are adopted in full.

4. The motion to dismiss of defendants Holland and Gutierrez (ECF No. 129) is denied without prejudice to its renewal as a motion for summary judgment.

5. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings.

DATED:  September 29, 2023.

CHIEF UNITED STATES DISTRICT JUDGE